IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY CALHOUN, | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-189J |
| | ) | Judge Kim R. Gibson/ |
| STEVEN R. GLINT; ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA; DISTRICT ATTORNEY OF THE COUNTY OF CAMBRIA, | ) ) ) ) ) | Magistrate Judge Maureen P. Kelly |
| | ) | Re: ECF No. 6 |
|     Respondents. | ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss Without Prejudice, filed by Respondents, ECF No. 6, be granted and that Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), be dismissed without prejudice because Petitioner has failed to exhaust state court remedies. It is further respectfully recommended that a certificate of appealability be denied.

## II. REPORT

### A. Relevant Procedural History

Gary Calhoun ("Petitioner"), a state prisoner, filed this Petition, seeking to challenge his conviction for the corruption of a minor, namely, his daughter. His conviction was obtained in the Court of Common Pleas of Cambria County. Petitioner was sentenced on December 17, 2013, to a period of incarceration of 25 to 50 years. On January 13, 2014, Petitioner, through

Attorney Arthur T. McQuillian, filed a direct appeal in the Superior Court of Pennsylvania. Commonwealth v. Calhoun, No. 93 WDA 2014 (Pa. Super.).[1] The appeal is presently pending.

On September 2, 2014, while Petitioner's direct appeal to the Pennsylvania Superior Court was pending, Petitioner filed, in this Court, a Motion for Leave to Proceed In Forma Pauperis ("the IFP Motion") in order to prosecute the present Petition. ECF No. 1. The IFP Motion was granted and the Petition was filed. ECF No. 3. The sole issue raised in the Petition was as follows:

> Bureaucrats, under the color of a statute of the Commonwealth of Pennsylvania have caused the subjection of Petitioner, a citizen of the United States, to the deprivation of his birthright to oversee the care of his daughter . . . .
> Petitioner's daughter experienced a problem of not wiping herself after urinating on more than one occation. [sic] Following medical advice, the petitioner purchased Desitin and applied it to his daughter when it appeared to him that she needed it. Petitioner took whatever steps he deemed necessary to ensure proper maintenance of his child's personal hygiene. The state has encroached on Petitioner's perogative [sic] to make decisions concerning the care of his child.

ECF No. 3 at ¶ 12. Petitioner notes that his trial attorney did not raise this issue. Accordingly, it would appear that this issue has been waived under the Pennsylvania state law of waiver and thus, the only way this issue would be properly presented would be as a claim of trial counsel's ineffectiveness for failing to raise the above quoted issue. We further note that claims of trial counsel's ineffectiveness are usually reserved for the Post Conviction Relief Act ("PCRA") proceedings in Pennsylvania. Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002).

---

[1] The Court takes judicial notice of the dockets of the Pennsylvania Superior Court in Petitioner's appeal which are available at:

https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=93+WDA+2014

(site last visited 10/7/2014).

After the Respondents were served with the Petition, the District Attorney of Cambria County filed a Motion to Dismiss the Petition without prejudice for failure to exhaust state court remedies, given Petitioner's currently pending direct appeal in the Pennsylvania Superior Court. ECF No. 6.

**B. Discussion - Petitioner did not exhaust his state court remedies.**

Congress has provided in 28 U.S.C. § 2254 that:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
   (A) the applicant has exhausted the remedies available in the courts of the State;
   . . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Hence, this Court must analyze the question of whether Petitioner has exhausted his state remedies.

Although the precise nature of the exhaustion doctrine is subject to some judicial disagreement, especially in matters which relate to the procedural default doctrine,[1] the United States Supreme Court has explained that "Section 2254(b) requires habeas applicants to exhaust those remedies 'available in the courts of the State.' This requirement, however, refers only to remedies **still available at the time of the federal petition**." Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982) (emphasis added). Accordingly, in performing an exhaustion analysis, the question that the Court must resolve is this: at the time he filed this habeas Petition, did Petitioner have available to him any state procedure through which he could be afforded relief. 28 U.S.C. § 2254(c). See also Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987) (Section 2254's "exhaustion

---

[1] See, e.g., Lines v. Larkins, 208 F.3d 153, 160 n.9 (3d Cir. 2000); Bailey v. Nagle, 172 F.3d 1299 (11th Cir. 1999).

requirement is not met 'if he has the right under the law of the state to raise, by any available procedure, the question presented.' 28 U.S.C. § 2254(c). When determining whether state remedies are available, we look to the time of the filing of the federal habeas petition")(some internal quotations omitted).

The animating principle of exhaustion is based upon considerations of comity. See, e.g., Fay v. Noia, 372 U.S. 391, 418 (1963) ("comity demands that the state courts, under whose process he is held, and which are, equally with the federal courts, charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance...."), *overruled on other grounds by*, Coleman v. Thompson, 501 U.S. 722 (1991), *modified on other grounds by*, Martinez v. Ryan, 132 S.Ct. 1309 (2012). Generally, federal court intervention would be premature whenever a state procedure still affords a petitioner with an opportunity to obtain relief from the conviction which he or she seeks to attack in a federal habeas proceeding. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1998) ("The exhaustion requirement does not foreclose federal relief, but merely postpones it."). Thus, the federal habeas doctrine of exhaustion is centered on the timing of the federal petition, i.e., was the federal habeas petition filed before the state prisoner has finished utilizing the state court procedures available to him or her. Richardson v. Miller, 716 F.Supp. 1246, 1266 (W.D. Mo. 1989) ("*Fay v. Noia* then explained that the doctrine of exhaustion has always been based solely on principles of comity and, as such, did no more than establish a 'rule of timing' under which, as a matter of comity, the State courts would be afforded the first opportunity to consider a state prisoner's federal claims before a federal court should exercise the habeas corpus power and jurisdiction conferred on it by 28 U.S.C. § 2254(a).") (citations omitted). Moreover, it is the

Petitioner's burden to prove that he has met the exhaustion requirement. DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).[2]

However, exhaustion is not a jurisdictional limitation, and federal courts may entertain a habeas petition from a state prisoner when no appropriate state remedy exists. Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001). Presently, there is an appropriate state remedy, both the currently pending direct appeal in the Pennsylvania Superior Court and the availability of the PCRA proceedings after the Petitioner's direct appeals have been exhausted.

Petitioner has a currently pending direct appeal in the Pennsylvania Superior Court where the Commonwealth's brief was just recently filed. When Petitioner initiated this action, his direct appeal was still pending. This Court takes judicial notice of the dockets of the Pennsylvania Superior Court and of the fact that Petitioner's direct appeal is still pending in that Court. Because the Petitioner's direct appeal could afford him relief from the conviction that he seeks herein to attack and because his conviction has not yet become final and so, there is no issue as to the AEDPA statute of limitations, this instant Petition should be dismissed without prejudice to filing a new habeas petition after all state court remedies have been exhausted if indeed those state court remedies do not afford Petitioner relief. See, e.g., Rose v. Lundy, 455 at 518 (in habeas cases involving state prisoners, "federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the

---

[2] If a state prisoner, seeking federal habeas relief has not exhausted his state court remedies and there is no apparent problem concerning AEDPA's statute of limitations and a petitioner fails to show "good cause" as to why he did not exhaust, the federal court may dismiss the petition without prejudice in order to allow a habeas petitioner to finish seeking relief in state court. See, e.g., Rhines v. Weber, 544 U.S. 269 (2005) (habeas petitioner must establish "good cause"); Rose v. Lundy, 455 U.S. 509 (1982), *modified by*, Rhines v. Weber, 544 U.S. 269 (2005); Ledford v. Ward, No. CIV-05-523-R, 2005 WL 1606443 (W.D. Okla. June 14, 2005). If Petitioner has any arguments as to why he has good cause for his filing this habeas petition while he has a currently pending direct appeal in the state courts, he may raise such arguments in any objections if he chooses to file such.

5

courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."); Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998) ("Nor should we discourage petitioners from exhausting all their claims in state court, even by means of a second or subsequent petition for post-conviction relief where permissible under state law, before seeking habeas review in federal court."). Accordingly, it is recommended that the Petition be dismissed before being served albeit without prejudice.

## C. Certificate of Appealability

Because jurists of reason would not find the foregoing analysis debatable, a certificate of appelability should be denied.

## III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Motion to Dismiss be granted and that the Petition be dismissed without prejudice because Petitioner has failed to exhaust state court remedies. A certificate of appealability should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right

to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                          Respectfully submitted,

Date:  October 8, 2014                     s/Maureen P. Kelly
                                                    MAUREEN P. KELLY
                                                    UNITED STATES MAGISTRATE JUDGE


cc:      The Honorable Kim R. Gibson
          United States District Judge

          All counsel of record via CM-ECF

          Gary Calhoun
          LK-9846
          SCI Houtzdale
          P.O. Box 1000
          Houtzdale, PA 16698-1000